# Walter B. Griffen, Defendant in Error, v. Albert Cohn, Plaintiff in Error.

## Gen. No. 16,883.

TRIAL—*when remarks of counsel will not reverse.* Improper remarks will not reverse where an objection thereto was sustained, and no motion was made to strike the remarks from the record, and no instruction was asked directing the jury not to consider them.

Error to the Municipal Court of Chicago; the HON. MANCHA BRUGGE-MEYER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 21, 1912.

S. L. and FRED LOWENTHAL, for plaintiff in error.

GREGORY, POPPENHUSEN & McNAB, for defendant in error; EDWARD R. JOHNSTON, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

We are urged to reverse the judgment entered in an action in the Municipal Court of Chicago instituted by Walter B. Griffen, defendant in error, hereinafter called plaintiff, against Albert Cohn, plaintiff in error, hereinafter called defendant, on the grounds that the verdict is contrary to the evidence; (2) the trial court gave an erroneous instruction, and (3) that the plaintiff's attorney made improper remarks to the jury.

The plaintiff is an architect, and by the action sought a recovery for architect's fees for services rendered. The testimony offered by the plaintiff consisted of his own testimony as to the employment by the defendant and the services rendered and the value thereof, and that of two architects in the City of Chicago as to the reasonable, usual and customary fees of

architects in the City of Chicago. The defendant testified denying in some respects the testimony of the plaintiff. Upon an examination of the evidence we cannot say that the verdict is contrary to the evidence.

We find no valid objection to the instruction complained of. We think it fairly submitted the case to the jury.

Counsel for the plaintiff in the course of his argument to the jury said in substance that architects give their clients "their best estimate as to what the building will cost to produce according to the plans, and that is what Griffen did. He earnestly sought to produce bids. I offered them in evidence and counsel objected to them, and the court sustained the objection, and they did not go in. It is not my fault. I did all in my power."

The court sustained the defendant's objection to the remarks. No motion was made to strike the remarks from the record, and no instruction was asked by the defendant directing the jury not to consider them as they were improperly made. We cannot reverse the judgment on that ground.

The judgment is not erroneous and is affirmed.

*Affirmed.*